3 CIT ESERVE

FILED
5/3/2023 1:03 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Shunta Jackson DEPUTY

CAUSE NO. _____ DC-23-05999

| | | |
|---|---|---|
| **LASHANDRA D. HENRY** | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| **BROOKFIELD PROPERTIES RETAIL, INC., BROOKFIELD PROPERTIES, LLC., GENERAL GROWTH PROPERTIES INCORPORATED** | § § § § | 162nd |
| | § | |
| Defendants, | § | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, **LASHANDRA D. HENRY**, complaining of Defendant, **BROOKFIELD PROPERTIES RETAIL, INC., BROOKFIELD PROPERTIES, LLC, (Defendant "Mall Owner") GENERAL GROWTH PROPERTIES INCORPORATED (hereinafter Defendant "Property Manager"),** and for cause of action would show unto the Court the following:

**I.
PARTIES AND SERVICE**

Plaintiff

1. Plaintiff, **LASHANDRA D. HENRY** is a resident of DALLAS, Texas.

Defendant

1.2 Defendant **BROOKFIELD PROPERTIES RETAIL, INC.,** is a business duly authorized to conduct business in the State of Texas and may be served with citation through its registered agent: CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCO, 211 E. 7TH Street,

**EXHIBIT A**

Suite 620, Austin, Texas 78701.

**PLAINTIFF REQUESTS SERVICE ON THIS DEFENDANT AT THIS TIME.**

1.3     Defendant **BROOKFIELD PROPERTIES, LLC,** is a business duly authorized to conduct business in the State of Texas and may be served with citation through its registered agent: LCD Telecomm, LLC, 13901 Midway Road, Suite#101-173, Dallas, Texas  75244.

**PLAINTIFF REQUESTS SERVICE ON THIS DEFENDANT AT THIS TIME.**

1.4     Defendant **GENERAL GROWTH PROPERTIES INCORPORATED,** is a business duly authorized to conduct business in the State of Texas and may be served with citation through its registered agent: Wayne A. Rostamo, 7609 Eastern Road, Unit D, Dallas, Texas 75209.

**PLAINTIFF REQUESTS SERVICE ON THIS DEFENDANT AT THIS TIME.**

## II.
## JURISDICTION AND VENUE

2.1     This Court has jurisdiction over these Defendant as they conduct business in the State of Texas and the amount in controversy exceeds the minimum jurisdictional limit of this Court. Venue is proper in DALLAS County, Texas under the Texas Civil Practices and Remedies Code §15.005 as two of the Defendants reside in Dallas County, Texas.

## III.
## FACTS & NEGLIGENCE

3.1     On June 26, 2021, the Plaintiff, LASHANDRA D. HENRY was a business invitee of the Defendant Mall Owner's premises, Stone Briar Mall in Frisco, Texas and had just left Macy's and slipped and fell on a liquid substance in front of Macy's, causing her injuries.

3.2     As a result of the Defendant's **negligent conduct** *in failing to maintain the ingress and regress flooring in the common areas outside Macy's in a safe and clean manner such that patrons can navigate to and from the stores without falling on debris, water, milk, food etc.*

PLAINTIFF'S ORIGINAL PETITION
PAGE 2

EXHIBIT A

3.3     Consequently, Plaintiff suffered serious bodily injuries as a result of the negligently falling down in the common area of the premises in question, which posed a dangerous condition that injured the Plaintiff.

## IV.
## PREMISES LIABILITY

4.1     Plaintiff was a business invitee on the premises in question.

4.2     **BROOKFIELD PROPERTIES RETAIL, INC., BROOKFIELD PROPERTIES, INC., AND GENERAL GROWTH PROPERTIES INCORPORATED** is the owner or property manager responsible for maintaining the mall flooring on the property in question which forms the basis of this lawsuit occurred.

4.3     The condition of the wet floor created a dangerous condition on said premises.

4.4     Defendant knew or reasonably should have known of the above-referenced dangerous condition on said premises.

4.5     Defendant owed a duty to Plaintiff to warn of said dangerous condition and to make the dangerous condition safe.  Defendant breached its duty by failing to warn and failing to make safe this dangerous condition.

4.6     Said breach of duty by Defendant was the proximate cause the Plaintiff's injuries complained of herein.

## V.
## DAMAGES OF PLAINTIFF

5.1     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was injured.  Plaintiff demands compensation for the following damages.

1.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff

EXHIBIT A

   for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering and mental anguish in the past;

4. Physical pain and suffering and mental anguish which, in all reasonable probability, will be suffered in the future;

5. Physical impairment;

6. Physical disfigurement;

7. Loss of earning capacity in the past and future;

8. Loss of household services;

9. By reason of all of the above, Plaintiff, has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## VI.
## PLAINTIFF'S DAMAGES - RULE 47

6.1.   Plaintiff refers to all the preceding and subsequent pleadings in this petition and incorporated herein by this reference for all purposes.

6.1.   Pursuant to the provisions of Rule 47 of the Texas Rules of Civil Procedure, Plaintiff alleges that the damages sought by Plaintiff are within the jurisdictional limits of the Court and Plaintiff seeks monetary relief over $1,000,000.00. Plaintiff further alleges that any award for damages is ultimately left to the purview of the jury.  Therefore, Plaintiff seeks judgment for all other relief to which Plaintiff may be entitled.

EXHIBIT A

6.3     As a direct and proximate result of the wrongful conduct of Defendant, as alleged herein, Plaintiff has sustained both property damages as well as medical injuries, including past and future pain and suffering, past and future lost wages, and economic damages.

## VII.
## JURY DEMAND

7.1     Plaintiff requests a trial by jury in this matter.

## VIII.
## DOCUMENTS TO BE USED

8.1     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use all documents exchanged and/or produced between, by, or among any parties in this matter, including but not limited to, correspondence, discovery responses, and records (obtained via depositions upon written questions, by subpoena, by affidavit, or otherwise), during the trial of the above-entitled and numbered cause.  Moreover, Defendant is put on notice not to destroy any evidence, including, but not limited to reports, files, inter-office emails, intra-office emails, emails from the store from the corporate office, and/or any communication whatsoever related to the defective seating system that resulted in the Plaintiff's incident on April 17, 2021.  Furthermore, this notice includes preserving any and all videotape surveillance of the incident in question as well as any evidence related to the relocation of the parking lot at issue from the location.

## X.
## PRAYER

        WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be

EXHIBIT A

entitled at law or in equity.

        Respectfully submitted,

        **The LIDJI Firm**

        */s/ I. Scott Lidji*
        **I. Scott Lidji**
        Texas Bar No. 24000336
        scott@thelidjifirm.com
        **Mary Jo R. Betzen**
        State Bar No. 24089054
        maryjo@thelidjifirm.com
        **CARLOS G. GALLIANI**
        Texas Bar No. 24069752
        carlos@thelidjifirm.com
        **K. Gracie Everitt**
        Texas Bar No. 24057842
        gracie@thelidjifirm.com
        Meadow Park Tower
        10440 N. Central Expressway
        Suite 1240
        Dallas, Texas 75231
        legal@thelidjifirm.com
        (972) 223-7455 (Tel)
        (214) 753-4751 (Fax)
        (800) BADPILL (800) 223-7455
        Website: BADPILL.COM
        **ATTORNEYS FOR PLAINTIFF**

EXHIBIT A