UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LASHANDRA D. HENRY, § | | |
|    *Plaintiff* § | | |
| § | | |
| vs. § | No. 4:23-CV-554-SDJ | |
| § | | |
| BROOKFIELD PROPERTIES RETAIL, INC., § | | |
| BROOKFIELD PROPERTIES, LLC, § | | |
| GENERAL GROWTH PROPERTIES, § | | |
| INCORPORATED and § | | |
| MILLARD MALL SERVICES, INC., § | | |
|    *Defendants* § | | |

_____

**DEFENDANTS' FIRST AMENDED NOTICE OF REMOVAL**
_____

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants, **Brookfield Properties Retail, Inc.** and **Millard Mall Services, Inc.**, (hereafter referred to as "**Defendants**") file this amended notice to remove the foregoing case to the United States District Court for the Eastern District of Texas, Sherman Division, and respectfully show:

**Brief Summary**

These Defendants file this First Amended Notice of Removal to answer the Court's jurisdictional questions raised in its recent Order [Doc. 6]. Specifically, both **Brookfield Properties Retail, Inc.** and **Millard Mall Services, Inc.**, are corporations which were incorporated outside of Texas and both of which maintain their principal offices outside of

Texas. The Court noted the tax forfeiture issues of the other two named defendants in its Order [Doc. 6], and Defendants maintain that those entities are improper parties to this suit.

## Background Facts

1. A civil action was commenced in the 162nd Judicial District Court of Dallas County, Texas, in which **Lashandra D. Henry** is the Plaintiff and **Brookfield Properties Retail, Inc.** and **Millard Mall Services, Inc.** are defendants.  The action is entitled *Lashandra D. Henry v. Brookfield Properties Retail, Inc., et. al.*, and bore Cause Number **DC-23-05999**.  Since the action was filed in Dallas County, Texas, removal to the United States District Court for the Northern District of Texas, Dallas Division, was proper, and the removal was effected on June 14, 2023.

2. The above action was commenced in state court on May 3, 2023 [*see* a copy of *Plaintiff's Original Petition*, annexed as Exhibit "A"].  The action arises from an incident that allegedly occurred when Plaintiff slipped and fell at the Stonebriar Mall located in Frisco, Collin County, Texas. Plaintiff pleads for monetary relief over $1,000,000.  Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000.00.

3. This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441. There is complete diversity of citizenship between the Plaintiff and Defendants.

4. On June 16, 2023, the United States District Court for the Northern District of Texas transferred this case to this district and this division since the underlying slip and fall occurred in Frisco, Collin County, Texas.

## Diversity Jurisdiction

4. Pursuant to Plaintiff's Original Petition, she resides in Texas.

5. Defendant, **Brookfield Properties Retail, Inc.,** is a corporation that was incorporated in Delaware and maintains its principal place of business in the State of Illinois. Thus, **Brookfield Properties Retail, Inc.** is a citizen of both Delaware and Illinois.

6. Defendant, **Millard Mall Services, Inc.,** is a corporation that was incorporated in Illinois and maintains its principal place of business in the State of Illinois. Thus, **Millard Mall Services, Inc.** is a citizen of Illinois.

7. Defendant, **Brookfield Properties, LLC** is a forfeited corporate entity that is no longer in existence, whose right to be sued was extinguished well before the filing of this lawsuit, and therefore is not a proper party to this suit.

8. Defendant, **General Growth Properties Incorporated** is a forfeited corporate entity that is no longer in existence, whose right to be sued was extinguished well before the filing of this lawsuit, and therefore is not a proper party to this suit.

9. As Plaintiff was a resident and domiciliary of the State of Texas at the time the original petition was filed, and Defendants were citizens of various states all different from Texas, complete diversity exists and removal is proper since upon information and belief, no other forum defendant has been served.

10. A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought. *See* 28 U.S.C.§1441(a).

11. Written filing of this motion will be given to Plaintiff promptly after the filing of this motion, as is required by law.

12. This original motion was timely made (on June 14, 2023) pursuant to 28 U.S.C. §1446(b)(1), since Defendant **Brookfield Properties Retail, Inc.** was served with Citation on May 17, 2023.

13. By filing this Notice of Removal, Defendants do not waive any defense which may be available.

    Respectfully submitted,

    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

By:   */s/ Garett A. Willig*
    Garett A. Willig
    State Bar No. 24066297
    garett.willig@wilsonelser.com
    909 Fannin Street, Suite 3300
    Houston, Texas 77010
    (713) 353-2000 voice
    (713) 785-7780 fax
    **ATTORNEY FOR DEFENDANTS**

Of Counsel:
    Eric Gruetzner
    State Bar No. 24036690
    eric.gruetzner@wilsonelser.com
    909 Fannin Street, Suite 3300
    Houston, Texas 77010
    (713) 353-2000 voice
    (713) 785-7780 fax

## CERTIFICATE OF SERVICE

 I certify that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on July 17, 2023.

*/s/ Garett A. Willig*
Garett A. Willig
